FERNÁNDEZ, LIQUIDADOR DE FERNÁNDEZ Y CÍA., S. EN C., RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una escritura sobre carta de pago.

No. 357.—Resuelto en mayo 2, 1918.

CARTA DE PAGO—LIQUIDADORES—CONFESIÓN DE PRECIO APLAZADO.—Examinadas las circunstancias concurrentes en este caso, *se resolvió* que el liquidador de cierta sociedad mercantil que a su vez tenía encomendada la liquidación de otra sociedad, tuvo facultades para otorgar una carta creditiva del pago del precio aplazado de cierto bien inmueble perteneciente a la segunda sociedad, vendido por la primera como liquidadora de la segunda.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José de Guzmán Benítez.*

. El registrador recurrido, Sr. Rafael Tirado Verrier, no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 19 de febrero de 1918, Carlos Conde y Casariego otorgó por ante notario a favor de Fernández Méndez y Compañía, S. en C. una carta de pago, que el Registrador de la Propiedad de San Juan, Sección 1ª., se negó a inscribir—

"* * * porque habiéndose acabado el mandato para liquidar que confirió "Méndez y Compañía," al disolverse, a "Villar y Compañía," por virtud de la disolución de esta última sociedad, carece Don Carlos Conde Casariego, como único· interesado en la sociedad "Villar y Compañía," de poder para continuar liquidando a esta última sociedad, y por tanto para hacer confesiones de pago de un precio aplazado, que pertenece a la misma sociedad "Méndez y Com-

pañía" en liquidación, poder que no aparece haberse sustituído por Villar y Compañía a Don Carlos Conde al disolverse aquélla;  *  *  *."

El registrador notificó su calificación al presentante del documento, sin que fuera por él recogido, por cuyo motivo, en cumplimiento de la ley, envió el dicho documento acompañado de otros que se presentaron con el mismo, a este tribunal para la resolución que fuere procedente.

El 2 de enero de 1906, por escritura pública, Carlos Conde y Eduardo Villar constituyeron una sociedad mercantil regular colectiva bajo la razón social de "Villar y Compañía." El 6 de octubre de 1910, también por escritura pública, Vicente Méndez, "Villar y Compañía," y Constantino García constituyeron una sociedad bajo la razón de "Méndez y Compañía," siendo socio gestor Vicente Méndez, industrial Constantino García y comanditario "Villar y Compañía." "Villar y Compañía" aportó a la sociedad una finca rústica en Santurce, P. R., de 4,934 metros cuadrados de extensión con edificios y una instalación completa de una fábrica de licores, negocio principal de la sociedad. Consta también por escritura pública otorgada el 1 de agosto de 1912 que el socio industrial Constantino García se separó de la sociedad. El 18 de diciembre de 1912, comparecieron ante notario Vicente Méndez y "Villar y Compañía" y disolvieron la sociedad "Méndez y Compañía," encargando de su liquidación a "Villar y Compañía" con amplias facultades. El mismo día 18 de diciembre de 1912, "Villar y Compañía" como liquidadora de "Méndez y Compañía" vendieron la fábrica de licores, incluyendo terreno y edificios, a "Fernández, Méndez y Compañía, S. en C." por la suma de $41,261.90, de los cuales entregó la sociedad compradora a la vendedora en el acto del otorgamiento de la escritura veinte y seis mil pesos, quedando obligada a pagar el resto en plazos mensuales. En 4 de marzo de 1915 Carlos Conde y Eduardo Villar, disolvieron la sociedad "Villar y Compañía" sin que nada se hiciera constar en la escritura pública otorgada al efecto con res-

pecto a la liquidación de la sociedad ''Méndez y Compañía'' encomendada a ''Villar y Compañía.'' Carlos Conde quedó encargado de la liquidación de ''Villar y Compañía.'' Así las cosas, el dicho Carlos Conde otorgó la escritura cuya inscripción negó el registrador. En ella expuso los antecedentes del caso y expresó que ''Fernández Méndez y Compañía, S. en C.'' habían pagado oportunamente a ''Villar y Compañía,'' como liquidadora de ''Méndez y Compañía,'' el resto del precio de la venta a que se refiere la escritura de 18 de diciembre de 1912, por lo que le otorgaba la más eficaz carta de pago. Y consignó Conde además que otorgaba la escritura como único interesado en la mencionada sociedad ''Villar y Compañía,'' liquidadora ésta de la otra sociedad ''Méndez y Compañía.''

Examinados cuidadosamente todos los documentos a que nos hemos referido, se adquiere el convencimiento de que en realidad de verdad el único representante hoy de ''Villar y Compañía'' es Carlos Conde y siendo ello así, no vemos por qué no puede surtir efecto una declaración de Carlos Conde hecha a nombre de ''Villar y Compañía.''

Es cierto que en la escritura de disolución de ''Villar y Compañía'' nada se dijo con respecto a la liquidación de ''Méndez y Compañía'' encomendada a ''Villar y Compañía,'' pero aquí en verdad no se trata de un acto nuevo, sino simplemente de la confesión por parte del liquidador de ''Villar y Compañía'' de que esta sociedad recibió a su debido tiempo a su vez como liquidadora de ''Méndez y Compañía'' el precio aplazado de la venta de que se ha hecho mérito.

Por virtud de lo expuesto opinamos que debe revocarse la nota y ordenarse al registrador que proceda a verificar la inscripción solicitada.

*Revocada la nota recurrida, y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.